# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:10CR00002-19 |
| v. | ) | **OPINION** |
| | ) | |
| **RANDALL WILLIAM CROSS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randall William Cross, Pro Se Defendant.*

The defendant Randall William Cross, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

## I.

I entered Cross' criminal judgment on September 8, 2010, sentencing him to 151 months' incarceration after Cross, with counsel, pleaded guilty to conspiring to distribute 500 grams or more of cocaine and Oxycontin, in violation of 21 U.S.C. § 846. Cross did not appeal.

Cross commenced this collateral attack no earlier than August 18, 2016. The court conditionally the § 2255 motion, advised him, *inter alia*, that the

collateral attack appeared to be untimely, and gave him the opportunity to explain why the court should consider the § 2255 motion to be timely filed. Cross relies on Amendment 794 to the United States Sentencing Guidelines as making the collateral attack timely filed.

## II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Cross' criminal judgment became final in September 2010 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. *See Clay v.*

*United States*, 537 U.S. 522, 524-25 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Cross had until September 2011 to timely file a § 2255 motion, but he did not commence this collateral attack until August 2016.

Cross argues that his motion is timely filed within one year of Amendment 794, which became effective on November 1, 2015. Consequently, Petitioner believes he had until November 1, 2016, to file the § 2255 motion. However, Amendment 794 does not trigger a limitations period in § 2255(f)(1)-(3), and an amendment to a sentencing guideline is not a "fact" that triggers § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (recognizing changes in law do not constitute a "fact" under § 2255(f)(4)). Thus, Cross fails to establish that the limitations period runs from the effective date of Amendment 794, and Cross filed the § 2255 motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance

- 3 -

Case 1:10-cr-00002-JPJ-RSB   Document 1801   Filed 11/21/16   Page 3 of 4   Pageid#: 9083

stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Cross pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Cross is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

### III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: November 21, 2016

/s/ James P. Jones
United States District Judge